**GERIN et al. v. McDONALD et al.**

No. 9463.

Circuit Court of Appeals, Eighth Circuit.
March 21, 1933.

Gale B. Braithwaite, of Sioux Falls, S. D. (Francis P. Matthews, of Omaha, Neb., and U. S. G. Cherry and J. F. Wickhem, both of Sioux Falls, S. D., on the brief), for appellants.

A. B. Fairbank, of Sioux Falls, S. D. (H. E. Judge, T. N. Feyder, and Tom Kirby, all of Sioux Falls, S. D., on the brief), for appellees.

Before STONE, VAN VALKENBURGH, and BOOTH, Circuit Judges.

STONE, Circuit Judge.

Michael Gerin died, leaving a will which was admitted to probate at his home in South Dakota. This will made entire disposition of his property. Appellants, who are heirs at law, brought this suit to have certain portions of the will declared invalid because opposed to the statutes of South Dakota (sections 294, 295, South Dakota Revised Code of 1919) against suspension of the absolute power of alienation for a longer period than during the lives of persons in being. The action is against the executors under the will and the trustees named in the will for certain property. In the answer of defendants there were certain pleas which the parties and the court treated in the nature of motions to dismiss for want of jurisdiction and lack of equity in the petition. The court considered these matters of law, ruled in favor of jurisdiction and against the sufficiency of the petition. The result was a decree of dismissal, from which this appeal is brought.

The matter of jurisdiction has not been presented in this court, and we confine ourselves to the ruling on the sufficiency of the petition. The sufficiency of the petition depends upon whether the court correctly ruled that the will did not violate the South Dakota statutes, either as imposing a prohibited restriction on alienation or in providing for a prohibited accumulation of income.

### I. Alienation.

Consideration of both questions must start with the premise that the restriction on alienation, prohibited by the statute, is a restriction upon the power of alienation. If the trustees are prevented, under the terms of the will, from alienating the trust estate for longer than lives in being, it comes within the interdiction of the statute, otherwise not. The determination must therefore rest upon what the will requires.

The will is divided into twenty-one numbered divisions. With the exception of the first, the first seventeen cover specific bequests

which are to be paid in the order set out, with the provision that, in case any beneficiary should predecease the testator, the bequest should lapse and remain part of the estate in the absence of any provision for further disposition of a particular bequest. All of these bequests are for lump sum payments except one, to Dr. Gerin, in the sum of $1,000 annually, during his life. The time of payment of all of these bequests is subject to the provisions of the later parts of the will which create and define the trust.

Section 18 provides that the entire property shall pass in trust. The trustees, who were the same persons as the executors, are to have absolute control and supervision, with broad powers of management, and they are directed, after payment of the specific bequests and all expenses, taxes, interest, and upkeep, to pay the annual bequest to Dr. Gerin, the balance of income to be paid to George G. McDonald during his lifetime. Upon the death of McDonald, the trustees are required to pay $10,000 to a Roman Catholic orphanage or old people's home, and the balance to the diocese of Sioux Falls. From what has just been said, it would seem that the trust was intended to and would terminate at the death of Dr. Gerin and McDonald, who were persons in being. If this be true, then the statute is not violated, even though the will might have to be construed as restraining all alienation by the trustees during these two lives.

However, appellants argue that certain provisions in the will, concerning the trust, make it necessary for the trustees to pay the specific bequests, and certain other provisions prevent any alienation of property until that is done, so that it might well be that the payment of these bequests would require the trust to exist for a much longer period than the two lives. If these contentions be true, there would be much strength in the position of appellants. It may be conceded that it is the duty of the trustees to pay these specific bequests. The will, in the third paragraph of the eighteenth subdivision, stated that, if testator, at his death, does not have sufficient money to pay, outright, the specific bequests, then, after making ample allowance for the suitable support of McDonald, the balance (clearly referring to money and income) is to be placed in a fund "for the purpose of paying said bequests so that they may be paid as soon after my death as possible"; and there is a clear direction to the trustees that, "after the payment of said bequests," the net income of the trust estate shall be used for certain purposes.

However, the provisions, concerning the powers of the trustees to alienate, are decisive. These powers include the general power of alienation, which is expressed as being "absolute right, when in their judgment it is considered advisable and to the best interest of my estate, to sell, assign, transfer and convert into cash, any and all of my property, either real or personal"; and, in connection with the specific bequests, there is the authorization that, if there be not sufficient money at the death of the testator to pay them outright, the executors "are authorized to sell and are hereby given such power to sell such of my property as they may consider advisable for the purpose of paying said bequests." If this were all, there could be little doubt of the power of the executors and the trustees to freely alienate this property for the purposes of the will and the trust. However, the last quotation, above, is followed by a sentence which is deemed vital by appellants, and which they contend is an absolute restriction upon this power of alienation. It is as follows: "It is not my wish or desire, however, that they shall sell any of my said property at a sacrifice in order to pay such bequests, and for that reason I have not designated any period of time in which these said bequests are to be paid, as I leave that entirely to the judgment and discretion of my said Executors."

Appellants contend that the entire will shows an interchangeable use of "executors" and "trustees," and that the word "executors," ending the last quotation above, should be construed as being or including "trustees." While something can be seriously said both for and against this position, it seems unnecessary to determine it. For purposes of deciding this controversy, we may concede that this contention is true and construe this provision as though it meant trustees. So treated, the question is whether this expression of the testator is a direction amounting to a requirement and limitation upon the powers of the trustees, or whether it is by way of advice or suggestion which they may follow, or not, as they see fit. The character of this expression is clearly and positively determined by the last clause, which reads "as I leave that entirely to the judgment and discretion of my executors." By leaving this matter to the judgment and discretion of the executors, or it may be the trustees, all idea of compulsion is excluded. Thus there is no violation of the statute against alienation.

## II. Income Accumulation.

It is also argued that the will and trust offends the rule against accumulation of income, proscribed by sections 298–300 of the same Code. The part of the will intended is that which provides that if, at the death of the testator, there is not sufficient money to pay, outright, the specific bequests, after allowing for the support of McDonald, "the balance is to be placed in a fund for the purpose of paying said bequests so that they may be paid as soon after my death as possible." Were this all upon that subject in the will, it might well be inferred that the bequests were to be paid from accumulations of income. However, the next clause in the same sentence is an authority to the executors and a grant of power to sell such property as "they may consider advisable for the purpose of paying said bequests." While there is no compulsion upon the executors or upon the trustees to sell any of the corpus of the estate for this purpose, and they would be acting within their powers if they made such payments only from accumulations of income, yet that is not decisive. The statute is not aimed at what executors or trustees *may* do, but what the instrument, under which they are acting, says they *must* do. Here the instrument not only does not compel accumulation of income, but it expressly grants the power to do otherwise. Therefore this point must be ruled against appellants.

### Conclusion.

Our conclusion is that neither of the two grounds of attack upon the will are effective, that the trial court was right in so holding, and that the decree should be, and is, affirmed.